IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA;

    Plaintiff,

        v.

$11,980.00 in U.S. Currency;

    Defendant.

CIVIL NO.: 09-2124 (MEL)

**OPINION AND ORDER**

Pending before the court is a motion filed on February 16, 2010 by plaintiff, the United States of America, to enter a default decree of forfeiture as to defendant, $11,980 in U.S. Currency, and to strike the answer submitted by the only claimant, Edwin G. Benítez-Rivera ("Benítez-Rivera "). (Docket No. 23; see Docket No. 10.) The motion is unopposed.

A person claiming property subject to a civil judicial forfeiture proceedings is required to submit a verified statement of interest in said property "not later than 30 days after the date of final publication of notice of the filing of the complaint." 18 U.S.C. § 983(a)(4); see Fed. R. Civ. P. Supp. C(6); see, e.g., United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004). In the instant case, the government complied with the applicable notice requirements by publishing notice of the action on an official government website. (See Docket No. 14;) Fed. R. Civ. P. Supp. G(4)(a-b). Publication of notice ended on December 23, 2009. (Docket No. 14.) Accordingly, potential claimants were required to submit verified statements by January 22, 2010. See 18 U.S.C. § 983(a)(4). Benítez-Rivera submitted an answer to the complaint on December 9, 2009, but he never submitted a verified statement. (Docket No. 10.)

"The filing of a verified statement, as required by Rule C(6), is no mere procedural technicality. It forces claimants to assert their alleged ownership under oath, creating a deterrent

1

against filing false claims. . . . When a claimant files only an answer without a verified statement, the district court may strike the answer." $23,000 in U.S. Currency, 356 F.3d at 163 (internal citations omitted). The First Circuit has recognized exceptions to the technical requirement of a timely filed verified statement. See, e.g., United States v. 1 Street A-1, 885 F.2d 994, 999-1000 (1st Cir. 1989) (permitting verified answer to fulfill requirement of verified claim); United States v. 116 Emerson Street, 942 F.2d 74, 78 (1st Cir. 1991) (permitting motion to intervene, supporting memorandum, and unverified answer, among other relevant documents, to fulfill requirement of verified claim). Here, however, Benítez-Rivera has presented no argument suggesting that his unverified answer, by itself, constitutes a sufficient substitute for the statutorily required verified statement. Accordingly, his answer shall be stricken. See $23,000 in U.S. Currency, 356 F.3d at 163; United States v. $96,822 in U.S. Currency, Civ. No. 06-2028(DRD), 2010 WL 728506 (D.P.R. February 26, 2010).

Benítez-Rivera's failure to file a verified statement implicates Federal Rule of Civil Procedure 55, governing the entry of default. See $23,000 in U.S. Currency, 356 F. 3d at 163. Where no claimant has properly filed a verified claim, as here, Rule 55(a) permits the court to enter default for failure to "otherwise defend" defendant property. See id.; $96,822 in U.S. Currency, 2010 WL 728506. Thus, default shall be entered.

For the reasons stated above, plaintiff's motion (Docket No. 23) is GRANTED. Benítez-Rivera's answer (Docket No. 10) shall be stricken from the record. A default decree of forfeiture shall be entered as to defendant $11,980.00 in U.S. Currency.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 11th day of March, 2010.

s/Marcos E. López  
United States Magistrate Judge